# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| THE AUTO CLUB GROUP, as subrogee of Gregory and Evelyn Jenkins, </br></br>  Plaintiff, </br></br> v. </br></br> DOUG MILLER d/b/a DOUG MILLER CONTRACTING, AARON'S CONSTRUCTION OF ILLINOIS, I.N.C., and VIC CONSTRUCTION & ROOFING, </br></br>  Defendants. | Case No.   17-cv-1268 </br></br> Honorable Joe B. McDade |

## ORDER

This matter is before the Court upon the "Plaintiff's Request For Clerk's Entry Of Default Judgment Against Defendant Vic Construction & Roofing Inc." (Doc. 18) in which the Plaintiff, The Auto Club Group, asks the Court to enter an order of default judgment against Vic Construction & Roofing Inc. pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $109,336.12, plus interest, delay damages, and for other such relief as the Court deems just and equitable. For the reasons stated below, the motion is DENIED at this time.

### BACKGROUND

This case was brought by The Auto Club Group ("Auto Club") to recover money it paid to its insured to cover a loss caused by the negligence of three separate Defendants: Doug Miller d/b/a Doug Miller Contracting ("Miller"), Aaron's Construction of Illinois, Inc. ("Aaron's"), and Vic Construction & Roofing Inc. ("Vic").

1

The Jenkins had a property insurance policy with Auto Club. At some point, the Jenkins contracted with Miller to install a new roof on their home. Miller retained Aaron's to perform portions of the roofing project. Aaron's, in turn, retained Vic's to perform portions of the roofing project. On or about August 26, 2016, Vic was in the process of removing shingles over a large area of the roof when a rain storm dropped over two inches of rain on the subject premises. No one secured the roof so as to prevent water intrusion into the subject premises. The rain damaged the Jenkins' home and caused expenses in the amount of $109,336.12, which were paid by Auto Club.

Auto Club brought this action as subrogee of the Jenkins alleging negligence against all three defendants, breach of implied warranty against all three defendants, breach of contract against Miller only, and three counts entitled "Res Ipsa Loquitor" against all three defendants.

The Complaint (Doc. 1) was filed on June 12, 2017. An affidavit of service was filed on July 10, 2017 in which a Will County Sheriff averred that he served Defendant Vic by leaving a copy of the Summons and Complaint with Victor Lopez on June 29, 2016. Victor Lopez is the registered agent of Defendant Vic. Despite said service, Defendant Vic has not appeared or filed an answer to the Complaint. On November 21, 2017, the Clerk entered default against Vic. Now, Auto Club moves for default judgment against Vic, despite that the civil action is pending against the other two remaining defendants.

Federal Rule of Civil Procedure 55(b) provides in relevant part:

**(1) *By the Clerk.*** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2) *By the Court.*** In all other cases, the party must apply to the court for a default judgment.

In this case, Plaintiff's submission is labelled "Plaintiff's Request For Clerk's Entry Of Default Judgment Against Defendant Vic Construction & Roofing Inc." (Doc. 18) but in the actual document, Plaintiff requests the Court to enter an order. Since the Plaintiff is requesting the Court for an order within the substance of the motion, the Court will treat this motion as if it were made under Rule 55(b)(2).

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *Dundee* further instructs that "where liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper," however "a damages hearing may not be held until the liability of each defendant has been resolved." *Id.* at 1324.

At this stage of the litigation, the Court does not know with certainty the nature of the potential liability among the three defendants. Vic is but one of three defendants. The Complaint alleges at various places that each of the three defendants "had exclusive care and control of the roof of the subject premises at the

time of the rain storms." (Doc. 1 at ¶¶ 58, 64 and 70). Thus, there seems to be a potential for an inconsistent judgment to be entered in this action.

Based upon the sparse record before it the Court finds that it is not appropriate to enter default judgment at this time against Vic. Plaintiff is not foreclosed from renewing its motion, but when it does, it must make clear to the Court that there is no danger of entering inconsistent adjudications as to the liability of Vic vis-à-vis the potential liability of the remaining defendants. *See In re Uranium Antitrust Litigation,* 617 F.2d 1248 (7th Cir. 1980).

For the reasons stated above, "Plaintiff's Request For Clerk's Entry Of Default Judgment Against Defendant Vic Construction & Roofing Inc." (Doc. 18) is DENIED.

SO ORDERED.


Entered this 6th day of December, 2017.


                                               s/ Joe B. McDade
                                               JOE BILLY McDADE
                                     United States Senior District Judge